UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * * *

United States of America,

        Plaintiff,

vs.

Charles Freddie Thompson(01),
Patricia Ann Thompson(02),
Darrell Leroy Thompson(03),
William Clifford Bakken(04),
Robert Antony Ingebretson(05),
James William Braun, Jr.(06),

        Defendants.        Crim. No. 10-114 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Pretrial Motion of Robert Ingebretson ("Ingebretson") to Dismiss the Indictment. A Hearing on the Motion was conducted on May 17, 2010, at which time, Ingebretson appeared personally and by Frederic K. Bruno, Esq., and

the Government appeared by Jeffrey S. Paulson, Assistant United States Attorney. For the reasons which follow, we recommend that the Motion of Ingebretson to Dismiss the Indictment be denied.

II. Factual and Procedural Background.

Ingebretson is charged with one (1) Count of conspiracy to traffic in counterfeit goods, in violation of Title 18 U.S.C. §§371, and 2320(a). See, Indictment, Docket No.1. The events which gave rise to those charges are alleged to have occurred in or about September of 2007, through on or about December of 2009, in this State and District, and elsewhere. Id. In the Indictment, it is alleged that Ingebretson, along with his co-Defendants, knowingly and intentionally conspired to traffic in sports apparel, while knowingly using counterfeit marks on, and in connection with, sports apparel, which was likely to cause confusion, mistake, and deception. Id. As alleged in the Indictment, on December 1, 2009, Ingebretson allegedly possessed approximately 127 items of counterfeit sportswear in his store in Alexandria, Minnesota, which he had purportedly purchased from co-Defendant Charles Freddy Thompson. Id.

III. Discussion

   A.   The Motion of Ingebretson to Dismiss the Indictment.

   1.   Standard of Review. Where, as here, a Grand Jury has returned an Indictment, the Indictment establishes probable cause to believe that the Defendant committed the offenses of which he is charged. See, Rule 5(c), Federal Rules of Criminal Procedure; Gerstein v. Pugh, 420 U.S. 103, 117 n. 19 (1975); United States v. Harper, 466 F.3d 634, 644-45 (8th Cir. 2006)("The grand jury returns an indictment only upon a finding that there is probable cause to believe that a crime has been committed and criminal proceedings should be instituted against a particular defendant."), cert. denied, 549 U.S. 1273 (2007), citing United States v. Calandra, 414 U.S. 338, 343-44 (1974), and United States v. Allen, 406 F.3d 940, 946 (8th Cir. 2005), cert. denied, 549 U.S. 1095 (2006).

   2.   Legal Analsysis. Ingebretson has not particularized the bases upon which he contends that the Indictment should be dismissed but, at the Hearing, his counsel noted that the Indictment appeared, to him, to contain insufficient allegations to establish probable cause. However, the established rule in our Circuit is that "an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." United States v. Nelson, 165 F.3d 1180,

1182 (8th Cir. 1999), citing Costello v. United States, 350 U.S. 359, 363-64 (1956)(the Fifth Amendment does not require a showing that a Grand Jury Indictment is based on competent and adequate evidence prior to proceeding to the Trial on its merits.), and United States v. Cady, 567 F.2d 771, 776 (8th Cir. 1977), cert. denied, 435 U.S. 944 (1978); see also, United States v. Edwards, 563 F. Supp.2d 977, 1013-14 (D. Minn. 2008).

Moreover, "a grand jury may indict on whatever evidence is laid before it, even evidence that would be inadmissible at trial." United States v. Wilkinson, 124 F.3d 971, 977 (8th Cir. 1997), cert. denied, 522 U.S. 1133 (1998), citing United States v. Levine, 700 F.2d 1176, 1179 (8th Cir. 1983); see United States v. Pemberton, 121 F.3d 1157, 1165 (8th Cir. 1997)("[A]n indictment returned by a legally established and unbiased grand jury 'is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'"), cert. denied, 522 U.S. 1113 (1998), quoting United States v. Roach, 28 F.3d 729, 739 (8th Cir. 1994), quoting, in turn, United States v. Calandra, supra at 345.

Accordingly, consistent with the provisions of Rule 12(b)(2), Federal Rules of Criminal Procedure, we are not empowered to consider, and resolve, pretrial issues that would require "a trial of the general issue," such as whether the allegations of the

Indictment sufficiently demonstrate probable cause to require a trial of Ingebretson on the merits of the conspiracy charges against him. Notably, Ingebretson does not allege, let alone demonstrate, that this Court is without subject matter jurisdiction over the Indictment, or that the Indictment is procedurally or substantively defective. If, as Ingebretson now claims, the evidence is insufficient to convict him of the offenses of which he is charged in the Indictment, Ingebretson can prove his factual and legal defenses during the course of his Trial. In sum, we recommend that Ingebretson's Motion to Dismiss the Indictment be denied as without merit.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Motion of Robert Ingebretson to Dismiss the Indictment [Docket No. 112] be denied.

Dated: June 2, 2010          *s/Raymond L. Erickson*
                             Raymond L. Erickson
                             CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 45(a), Federal Rules of Criminal Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and

Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June16, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 16, 2010,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.